RICHARD P. MAURO (5402)
43 East 400 South
Salt Lake City, Utah 84111
(801) 363-9500
Attorney for Bryan Jones

FILED
CLERK, U.S. DISTRICT COURT
2005 JAN -5 P 12: 27
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | : | **RESPONSE TO GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION TO SUPPRESS** |
|---|---|---|
| Plaintiff, | : | |
| v. | : | |
| BRYAN JONES, | : | Case No.04CR510PGC |
| Defendant. | : | JUDGE PAUL G. CASSELL |

Bryan Jones, through his attorney, Richard P. Mauro, hereby responds to the Government's Memorandum in Opposition to The Motion to Suppress Evidence.

### I. THE MOTION SHOULD NOT BE DENIED ON PROCEDURAL GROUNDS

In its memorandum in opposition to the motion to suppress, the government first contends that the motion to suppress should "be returned for resubmission (sic) or denied . . . ," because "it is procedurally defective." The government, in citing DUCivR 7-1,[1] asserts that a memorandum must filed with a motion to suppress evidence; otherwise the motion is defective.

Contrary to the government's claim, Mr. Jones' motion does comply with the local rules. See DUCrimR 12-1.[2] The government's motion references a local rule of civil procedure which

---

[1] The Local District Court Rules have Rules that govern proceedings in civil cases and rules that govern proceedings in criminal cases.

[2] Rule 12-1 is referenced in Mr. Jones' motion to suppress evidence.

is inapplicable to this situation. Here, Mr. Jones has filed a motion to suppress which is governed by DUCrimR 12-1(d):

> **Motion to Suppress Evidence.** A motion to suppress evidence, for which an evidentiary hearing is requested, shall state with particularity and in summary form *without an accompanying legal brief* the following: (i) the basis for standing; (ii) the evidence for which suppression is sought; and (iii) a list of the issues raised as grounds for the motion. Unless the court otherwise orders, *neither a memorandum of authorities nor a response by the government is required. At the conclusion of the evidentiary hearing, the court will provide reasonable time for all parties to respond to the issues of fact and law raised in the motion.* (emphasis added).

## II. A SEARCH WARRANT IS NOT VALID IF THE PROBABLE CAUSE EVIDENCE WAS OBTAINED ILLEGALLY.

The government argues that because a search warrant was issued by a magistrate in Washington State, that any inquiry into the circumstances of initial searches of Mr. Jones' computer and e-mail accounts is irrelevant. There is, however, no information in either the warrant or affidavit explaining how the actual searches were conducted other than reference to CI possessing "physical evidence showing that BRYAN VANCE JONES was communicating with juvenile females through the internet." There is no explanation in the warrant or affidavit explaining the informant's veracity or basis of knowledge, how the informant came into possession of the material, whether police assisted in the initial search or searches in any way, the relationship between the informant and law enforcement, and whether police reviewed information contained in Mr. Jones' e-mail file with the assistance of the informant.[3]

From the information currently available, Mr. Jones contends that a Fourth Amendment

---

[3] Mr. Jones' has filed both a supplemental discovery motion and accompanying memorandum asking that the government identify the informant and provide information relating to the initial informant search. The government has refused to provide that information.

2

search occurred by the informant with police assistance or acquiescence. The e-mail accounts were password protected, the contents of those accounts were accessed and searched, and the government has refused to explain or describe how the initial searches that form the basis of probable cause were conducted. Those factual circumstances will be developed at the motion to suppress hearing.

In fact, the local rule contemplates the presentation of factual information to determine whether a Fourth Amendment violation occurred. It is accordingly inappropriate to dismiss or deny the motion prior to the evidentiary hearing at which time, "the court will provide reasonable time for all parties to respond to the issues of fact and law raised in the motion." DUCrimR 12-1(d). Mr. Jones requests that the court reserve judgment on the motion to suppress until after the evidentiary hearing.

Dated this 3 day of January, 2005.

Richard P. Mauro
Attorney for Bryan Jones

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response to Government's Memorandum In Opposition to Motion to Suppress was mailed, postage pre-paid, to the following people:

Michelle M. Christiansen
Assistant United States Attorney
185 South State St. Suite 400
Salt Lake City, Utah 84111

Paul G. Amann
Special Assistant United States Attorney
5272 College Drive, Suite 200
Salt Lake City, Utah 84123

this 3 day of January, 2005.

*[signature]*

4